No.  20 Civ. 2846 (JPO)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALAN HERZ,

Plaintiff,

-against-

THE CITY OF NEW YORK; BOARD OF
EDUCATION OF THE CITY SCHOOL DISTRICT
OF THE CITY OF NEW YORK; NEW YORK CITY
OFFICE OF SPECIAL INVESTIGATIONS; NEW
YORK CITY OFFICE OF EQUAL OPPORTUNITY
AND DIVERSITY MANAGEMENT; ADAM
BOXER, MOSES OJEDA,; ROXANNA THOMAS;
LAURA HEMANS BRANTLEY, ESQ.; HOWARD
FRIEDMAN; JESSICA GROPPE a/k/a/ JESSICA
KISHPAUH and "JOHN AND JANE DOE # 1-100"
said names being fictitious, it being the intent of
Plaintiff to designate any and all individuals, officers,
members, agents, servants, and/or employees of the
aforementioned agencies owing a duty of care to
Plaintiff, individual and jointly and severally,

Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS THE
COMPLAINT**

*JAMES E. JOHNSON*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street - Room 2-176*
*New York, NY 10007*

*Of Counsel: Nicholas Green*
*Tel:  (212) 356-2445*
*Matter No.:  2020-012038*

Danielle Dandrige,
Nicholas Green,
  Of Counsel

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................. 1

STATEMENT OF FACTS ...................................................................................... 2

ARGUMENT .......................................................................................................... 5

    POINT I .......................................................................................................... 5

        PLAINTIFF'S CLAIMS ARE BARRED BY
        FAILURE TO FILE A TIMELY NOTICE OF
        CLAIM, UNTIMELY AND IMPROPER AS
        AGAINST DEFENDANTS ............................................................... 5

        A.  Plaintiff's Claims are Barred by Education Law
             § 3813 ........................................................................... 5

        B.  Plaintiff's Claims Against BOE Offices and the
             City of New York Must Fail ............................................. 7

    POINT II ......................................................................................................... 8

        PLAINTIFF'S DEFAMATION CLAIM MUST BE
        DISMISSED .................................................................................... 8

        A.  Plaintiff's Claim is Barred by the Statute of
             Limitations ...................................................................... 8

        B.  Plaintiff Fails to State a Claim Upon Which
             Relief Can be Granted ..................................................... 9

    POINT III ....................................................................................................... 12

        PLAINTIFF HAS FAILED TO STATE A CLAIM
        FOR AGE DISCRIMINATION UNDER THE
        NYSHRL ....................................................................................... 12

    POINT IV ....................................................................................................... 13

        PLAINTIFF FAILS TO STATE A CLAIM FOR
        NEGLIGENT INFLICTION OF EMOTIONAL
        DISTRESS AND NEGLIGENCE .................................................. 13

    A.  Plaintiff's Claims are Duplicative and Barred
by the Exclusivity Provision of the Worker's
Compensation Law ........................................................................... 13

    B.  Plaintiff  Fails to State a Claim for Negligent
Inflicton of Emotional Distress or Negligence ................................. 14

POINT V ............................................................................................................ 16

    PLAINTIFF FAILS TO STATE A CLAIM FOR
INTENTIONAL INFLICTION OF EMOTIONAL
DISTRESS ...................................................................................... 16

POINT VI............................................................................................................ 18

    PLAINTIFF FAILS TO STATE A CLAIM FOR
FRAUD ........................................................................................... 18

POINT VII .......................................................................................................... 19

    PLAINTIFF FAILS TO STATE A CLAIM FOR
VIOLATION OF DUE PROCESS UNDER 42
U.S.C. § 1983 AND ARTICLE I, § 11 OF THE
NEW YORK CONSTITUTION ................................................... 19

CONCLUSION.................................................................................................... 21

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

<u>Arredondo v. County of Nassau</u>,
  2012 U.S. Dist. LEXIS 36156 (E.D.N.Y. Mar. 16, 2012) ......................................................20

<u>Ashcroft v. Iqbal</u>,
  556 U.S. 662 (2009) ................................................................................................................12

<u>Bell Atl. Corp. v. Twombly</u>,
  550 U.S. 544 (2007) ................................................................................................................12

<u>Biro v Condé Nast</u>,
  963 F. Supp. 2d 255 (S.D.N.Y. 2013) .......................................................................................8

<u>Biro v. Condé Nast</u>,
  807 F.3d 541 (2d Cir. 2015) ....................................................................................................10

<u>Borst v. N.Y. City Dept. of Educ.</u>,
  2019 U.S. Dist. LEXIS 167870 (E.D.N.Y. Sep. 27, 2019) .......................................................8

<u>Brown v. City of N.Y.</u>,
  2011 U.S. Dist. LEXIS 74351 (S.D.N.Y. July 11, 2011)) ........................................................7

<u>Burkybile v. Bd. of Educ. of Hastings-on-Hudson Union Free Sch. Dist.</u>,
  411 F.3d 306 (2d Cir. 2005) ....................................................................................................11

<u>Castagna v. Luceno</u>,
  744 F.3d 254 (2d Cir 2014) .....................................................................................................16

<u>Chapman v. City of N.Y.</u>,
  2011 U.S. Dist. LEXIS 34221 (E.D.N.Y. Mar. 25, 2011) .........................................................8

<u>Clayton v. United States</u>,
  2019 U.S. Dist. LEXIS 129737 (E.D.N.Y. Aug. 1, 2019) .......................................................14

<u>Cruz v. H.S.B.C. Bank U.S.A., N.A.</u>,
  586 F. App'x 723 (2d Cir. 2014) .............................................................................................17

<u>Cummings v. City of N.Y.</u>,
  2020 U.S. Dist. LEXIS 31572 (S.D.N.Y. Feb. 24, 2020) ........................................................13

<u>Geer v. Gates Chili Cent. Sch. Dist.</u>,
  321 F Supp. 3d 417 (W.D.N.Y. 2018) .....................................................................................11

Genao v. PS 154 Harriet Tubman,
  2019 U.S. Dist. LEXIS 140090 (S.D.N.Y. Aug. 19, 2019) .......................................................8

George v. Professional Disposables Intl., Inc.,
  2016 U.S. Dist. LEXIS 72912 (S.D.N.Y. June 1, 2016)........................................................13

Gundlach v. IBM,
  2012 U.S. Dist. LEXIS 60926 (S.D.N.Y. May 1, 2012)........................................................12

Hedges v. Town of Madison,
  456 F. App'x 22 (2d Cir. 2012) .........................................................................................12

Hellenic Am. Neighborhood Action Comm. v. City of New York,
  101 F.3d 877 (2d Cir. 1996)..............................................................................................20

Hernandez v. United States,
  939 F.3d 191 (2d Cir. 2019)..............................................................................................21

Jacobs v. Mostow,
  271 F. App'x 85 (2d Cir. 2008) .........................................................................................20

Jean-Louis v. Am. Airlines,
  2010 U.S. Dist. LEXIS 77292 (E.D.N.Y. July 30, 2010) .......................................................14

J.H. v Bratton,
  248 F. Supp. 3d 401 (E.D.N.Y. 2017) ...............................................................................15

J&R Multifamily Group, Ltd. v. U.S. Bank N.A.,
  2019 U.S. Dist. LEXIS 209758 (S.D.N.Y. Dec. 5, 2019) .....................................................18

Kairam v. W. Side GI, L.L.C.,
  793 F App'x 23  (2d Cir. Dec. 9, 2019) ..............................................................................12

Kajoshaj v. N.Y. City Dept. of Educ.,
  543 F. App'x 11 (2d Cir. 2013)..........................................................................................21

Krzesaj v. Henry,
   2017 U.S. Dist. LEXIS 37543 (S.D.N.Y. Mar. 15, 2017) ....................................................17

Lebowitz v. N.Y. City Dept. of Educ.,
  407 F. Supp. 3d 158 (E.D.N.Y. 2017) ...............................................................................17

Littlejohn v. City of New York,
  795 F.3d 297 (2d Cir. 2015)..............................................................................................12

Loreley Fin. (Jersey) No. 3 Ltd. V. Wells Fargo Sec., LLC,
  797 F.3d 160 (2d Cir. 2015)..............................................................................................18

Marcus v. Leviton Mfg. Co.,
   661 F. App'x 29 (2d Cir. 2016)............................................................12

Margrabe v Sexter & Warmflash, P.C.,
   353 F. App'x 547 (2d Cir 2009).........................................................17

Miller v. Potter,
   2007 U.S. Dist. LEXIS 95688 (E.D.N.Y. Nov. 29, 2007)......................12

Pane v Town of Greenburgh,
   2012 U.S. Dist. LEXIS 199035 (S.D.N.Y. Mar. 21, 2012) ...................16

Raja v. Burns,
   2020 U.S. Dist. LEXIS 19209 (E.D.N.Y. Feb. 5, 2020)........................20

Sheffield v. Roslyn Union Free Sch. Dist.,
   2014 U.S. Dist. LEXIS 135591 (E.D.N.Y. Aug. 11, 2014)....................11

Silverman Ptnrs., L.P. v First Bank,
   687 F. Supp. 2d 269 (E.D.N.Y. 2010) ...............................................16

Tannerite Sports, L.L.C. v. N.B.C. Universal News Group,
   864 F.3d 236 (2d Cir. 2017).................................................................9

Taylor v. Brentwood Union Free School District.,
   908 F. Supp. 1165 (E.D.N.Y. 1995) ..................................................11

Taylor v. Brentwood Union Free Sch. Dist.,
   143 F.3d 679 (2d Cir. 1998)..............................................................11

Thomas v. N.Y. City Dept. of Educ.,
   938 F. Supp. 2d 334 (E.D.N.Y. 2013) .............................................5, 17

Vaughn v. Am. Multi Cinema, Inc.,
   2010 U.S. Dist. LEXIS 96609 (S.D.N.Y. Sep. 11, 2010).....................14

Williams v. Buffalo Pub. Sch.,
   758 F. App'x 59 (2d Cir. 2018)............................................................9

Ximines v. George Wingate High Sch.,
   516 F.3d 156 (2d Cir 2008)..................................................................8

Young v. Suffolk County,
   705 F. Supp. 2d 183 (E.D.N.Y. 2010) .................................................9

Yu v. Vassar Coll.,
   97 F. Supp. 3d 448 (S.D.N.Y. 2015)...................................................16

**State Cases**

Coleman v. Corp. Loss Prevention Assocs.,
  282 A.D.2d 703 (2d Dep't 2001)..................................................................16

Front, Inc. v. Khalil,
  24 N.Y.3d 713 (2015) ....................................................................................10

Park Knoll Assoc. v. Schmidt,
  59 N.Y.2d 205 (1983)....................................................................................10

Taggart v. Costabile,
  131 A.D.3d 243 (2d Dep't 2015) ..................................................................15

**Statutes**

ADEA ...................................................................................................................12

C.P.L.R. § 215(3) ..................................................................................................9

C.P.L.R. § 75, 78..................................................................................................20

Education Law § 3813 .....................................................................................5, 6, 7

Education Law § 3020-a ............................................................4, 11, 16, 17, 19, 20

New York State Human Rights Law ......................................1, 5, 6, 7, 12, 13 21

42. U.S.C. § 1983..................................................................................1, 19, 20

N.Y. Workers' Comp. Law § 29(6) ......................................................................14

**Other Authorities**

F.R.C.P. 12(b) ........................................................................................................2

F.R.C.P. 9(b) ........................................................................................................18

New York Constitution Article I, § 6 or § 11 ...........................................1, 19, 20, 21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

ALAN HERZ,

                                                        Plaintiff,

                        -against-

THE CITY OF NEW YORK; BOARD OF
EDUCATION OF THE CITY SCHOOL DISTRICT OF
THE CITY OF NEW YORK; NEW YORK CITY
OFFICE OF SPECIAL INVESTIGATIONS; NEW
YORK CITY OFFICE OF EQUAL OPPORTUNITY
AND DIVERSITY MANAGEMENT; ADAM BOXER,
MOSES OJEDA,; ROXANNA THOMAS; LAURA
HEMANS BRANTLEY, ESQ.; HOWARD
FRIEDMAN; JESSICA GROPPE a/k/a/ JESSICA
KISHPAUH and "JOHN AND JANE DOE # 1-100"
said names being fictitious, it being the intent of
Plaintiff to designate any and all individuals, officers,
members, agents, servants, and/or employees of the
aforementioned agencies owing a duty of care to
Plaintiff, individual and jointly and severally,

                                                        Defendants.
------------------------------------------------------------------------ X

**NOTICE OF DEFENDANTS'
MOTION TO DISMISS THE
COMPLAINT**

No.  20 Civ. 2846 (JPO)

## PRELIMINARY STATEMENT

Plaintiff, a teacher employed by the Board of Education of the City School

District of the City of New York ("BOE") (also known as and sued herein as the "The New York

City Department of Education"), commenced this action in New York County Supreme Court on

February 4, 2020, alleging claims of defamation, discrimination on the basis of age under the

New York State Human Rights Law ("NYSHRL"), negligence, negligent infliction of emotional

distress, intentional infliction of emotional distress, fraud, and violation of due process under 42.

U.S.C. § 1983 and the New York Constitution.  Defendants the City of New York, Board of

Education of the City School District of the City of New York, New York City Office of Special Investigations, New York City Office of Equal Opportunity and Diversity Management, Adam Boxer, Moses Ojeda, Roxanna Thomas, Laura Hemans Brantley, and Jessica Kishpaugh[1] removed this action to the Southern District of New York on April 6, 2020. See ECF DKT No. 1.

The above named Defendants now move pursuant to F.R.C.P. 12(b) to dismiss the Complaint on the grounds that the Plaintiff's claims are barred by the statute of limitations, barred in part by Plaintiff's failure to file a timely notice of claim, and that Plaintiff fails to state a claim upon which relief can be granted.

## STATEMENT OF FACTS[2]

Plaintiff was employed by the BOE as a teacher in February 1990, and was most recently assigned to Thomas A. Edison Career & Technical Education High School in Queens County, New York. See Complaint, ECF DKT No. 1 Exhibit "A" at ¶ 1. Plaintiff alleges that a complaint was made against him by Student A and transmitted to the Office of Special Investigations on February 28, 2014. See id. at ¶ 18, 22. Student A alleged that in February 2014, when Student A stated she did not understand something in class Plaintiff stated "[w]ell, I guess that's because you're a female." See id. at ¶ 18. Earlier in that class Student A and another student had stated that they believed Plaintiff favored male students in the class. See id. Plaintiff was also alleged to have stated in a February 2014 class, in response to a question regarding a reading assignment by Student T.W. "[t]his is how we read well in this country."

---

[1] Upon information and belief, individually name defendant Howard Friedman has not been served a copy of the summons and complaint. Accordingly, no appearance is being made on his behalf at this time.

[2] This statement of facts is derived from the allegations in Plaintiff's Complaint. Plaintiff's material factual allegations are assumed to be true for purposes of this motion to dismiss only.

See id. at ¶ 20.  Student A indicated this was a negative comment regarding ethnicity / national origin, although she could not identify Student T.W.'s ethnicity.  See id.  Student A alleged that in another class in October 2013 Student E.Z. was selling chocolate bars, which was prohibited during class, and an argument developed between student E.Z. and another student over a "defective" chocolate bar.  See id.  Plaintiff took the defective chocolate bar from Student E.Z. and stated "I know how Jewish people like to do business," but later apologized for the comment to Student E.Z.  See id.  In September 2013, in response to a student who had been absent when textbooks were distributed and questioned "[w]hat's the penalty?" Plaintiff stated "I don't know; I guess five lashes."  See id. at ¶ 19. Plaintiff alleges that Student A's report only initially included two incidents, involving the "because you're a female" comment and chocolate bar incident, and other incidents were included later.  See id. at ¶ 33.

This student complaint was investigated by the Office of Equal Opportunity and Diversity Management ("OEODM"), and on November 3, 2016 OEODM determined that Plaintiff's statements "[w]ell, I guess that's because you're female" and "I know how Jewish people like to do business" violated Chancellor's Regulation A-830 prohibiting gender and religious discrimination.  See id. at ¶ 23.  A prehearing conference was held on January 25, 2017, regarding Plaintiff's motion to dismiss unspecified disciplinary charges proffered at an unspecified time against Plaintiff as untimely.  See id. at ¶ 24.  Plaintiff alleges that the charges and specifications were untimely under the applicable collective bargaining agreement, and that BOE sought to amend the date of the charge to fall within the three-year statute of limitations. See id. at ¶¶ 24-25.  Jessica Kishpaugh represented the BOE at this prehearing conference and argued that there was a backlog of cases OEODM justifying the amendment.  See id. at ¶ 25.

The hearing officer granted Plaintiff's motion to dismiss the specifications by letter dated February 15, 2017.  See id. at ¶ 26.

Plaintiff was subsequently served with Education Law § 3020-a charges and specifications for racial discrimination relating to his statements to Student T.W. within the three year statute of limitations.  See id. at ¶ 27.  Plaintiff alleges that the OEODM report had found this February 2014 allegation to be unsubstantiated, and was signed by Laura Hemans Brantley and Howard Friedman.  See id. The BOE also filed a petition on February 27, 2017, challenging the hearing officer's pre-hearing determination with respect to the dismissed charges and specifications.  See id. at ¶ 29.  On February 28, 2017, Plaintiff received a notice signed by Karen Antoine from the office of Howard Friedman indicating that the Principal of Plaintiff's assigned school, Moses Ojeda, had indicated that probable cause had been found for charges and specifications against Plaintiff.  See id. at ¶ 30.  This notice informed Plaintiff that he would be suspended and removed from his assigned duties, but should report to his current assignment until he received notification of his new assignment.  See id. Plaintiff was told in an unspecified context that if he agreed to enter the Absent Teacher Reserve ("ATR") and take sensitivity training the BOE would drop these charges, but he declined.  See id. at ¶ 31.

Plaintiff was removed from his assigned school on March 3, 2017 and reported to a reassignment center on March 6, 2017.  See id. at ¶ 40.  Plaintiff alleges that the BOE withdrew the first set of disciplinary charges, which had previously been dismissed by the hearing officer as untimely, on March 20, 2017.  See id. at ¶ 41.  Articles in the Daily News and New York Post were published on May 2, 2017 including the statements allegedly made by Plaintiff "[o]h yeah, I guess you don't get it because you're a female" and "I know how Jewish people like to do

business." <u>See</u> <u>id</u>. at ¶ 47.  Plaintiff alleges these statements were reported by Defendants to the news media.  <u>See</u> <u>id</u>. at ¶ 48.

On January 25, 2019, the BOE's Petition appealing the February 15, 2017 hearing officer's determination that the original charges and specifications preferred against Plaintiff were untimely was denied.   <u>See</u> <u>id</u>. at ¶ 42.  Plaintiff remained assigned to the ATR following this determination. <u>See</u> <u>id</u>. at ¶ 43.  Plaintiff submitted a notice of claim on March 26, 2019.  <u>See</u> <u>id</u>. at ¶ 14.

<b><u>ARGUMENT</u></b>

<b>POINT I</b>

<b>PLAINTIFF'S CLAIMS ARE BARRED BY FAILURE TO FILE A TIMELY NOTICE OF CLAIM, UNTIMELY AND IMPROPER AS AGAINST DEFENDANTS</b>

**A.    Plaintiff's Claims are Barred by Education Law § 3813**

Plaintiff failed to file a timely notice of claim against the BOE with respect to his claims under the NYSHRL.  Pursuant to New York Education Law § 3813(1),

> [n]o action or special proceeding, for any cause whatever . . . shall be prosecuted or maintained against any school district, board of education . . . or any officer of a school district, board of education . . . unless it shall appear by and as an allegation in the complaint . . . that a written verified claim upon which such action . . . is founded was presented to the governing body of said district or school within three months after the accrual of such claim . . . .

<u>See</u> <u>also</u> <u>Thomas v. N.Y. City Dept. of Educ.</u>, 938 F. Supp. 2d 334, 359 (E.D.N.Y. 2013)(dismissing Plaintiff's NYSHRL claim where plaintiff failed to allege the timely filing of a notice of claim).  Courts have specifically held that the provisions of New York Education Law § 3813(1) require a Plaintiff to file a timely notice of claim before proceeding with a NYSHRL

claim against the BOE. See id. Here, Plaintiff's allegations demonstrate that he failed to file a notice of claim against the BOE within three months of the accrual of his claim. The latest event Plaintiff complains of are the publishing of news articles on May 2, 2017, but Plaintiff does not allege he filed a Notice of claim until nearly two years later on March 26, 2019. See Complaint, ECF DKT No. 1 Exhibit "A" at ¶¶ 47, 14. Because Plaintiff has failed to file a timely notice of claim his NYSHRL claim against Defendant BOE must be dismissed.

Further, Plaintiff has failed to file a notice of claim with respect to his tort claims against the BOE and individual Defendants. Education Law § 3813(2) requires that in all tort actions a notice of claim be served upon BOE employees in addition to the BOE, and allows ninety days for service in accordance with General Municipal Law § 50-e. Plaintiff's allegations establish that the individually named Defendants Adam Boxer, Moses Ojeda, Roxanna Thomas, Laura Hemans Brantley, and Jessica Kishpaugh were all DOE employees acting within the scope of their employment, and therefore protected by the notice of claim provisions in Education Law § 3813(2). See Complaint, ECF DKT No. 1 Exhibit "A" at ¶¶ 6-11. Here, Plaintiff alleges he filed a notice of claim as of March 26, 2019. See id. at ¶ 14. However, the latest occurrence Plaintiff complains of occurred as of May 2, 2017, almost two years before this time. See id. at ¶ 47. Accordingly, Plaintiff's notice of claim was untimely as against the BOE and the individually named Defendants Adam Boxer, Moses Ojeda, Roxanna Thomas, Laura Hemans Brantley, and Jessica Kishpaugh with respect to Plaintiff's tort claims in this action. Therefore, all state law claims against Defendant BOE must be dismissed, and Plaintiff's tort claims of defamation, fraud, negligence, negligent infliction of emotional distress and intentional infliction of emotional distress must all be dismissed as to individual Defendants for failure to file a timely notice of claim.

Education Law § 3813(2-b) provides a one-year statute of limitations for any action or special proceeding against Defendant BOE which applies to all state law claims other than torts.   See Brown v. City of N.Y., No. 10 Civ. 6491 (LTS)(RLE) 2011 U.S. Dist. LEXIS 74351, at *23 (S.D.N.Y. July 11, 2011).   The latest event alleged by Plaintiff occurred as of May 2, 2017, but Plaintiff failed to file this action until February 4, 2020, well over two years later.   See Complaint, ECF DKT No. 1 Exhibit "A" at ¶ 47.   As a result Plaintiff's NYSHRL claim is also barred against Defendant BOE by the applicable statute of limitations.

Education Law § 3813(2) also provides that tort actions against the BOE or BOE employees be commenced in accordance with General Municipal Law § 50-i, which requires tort actions be commenced within one year and ninety days. See Borst v. N.Y. City Dept. of Educ., No. 17-CV-3041 (RRM) (CLP), 2019 U.S. Dist. LEXIS 167870, at *19-20 (E.D.N.Y. Sep. 27, 2019).   Plaintiff initiated this action on February 4, 2020.   See Complaint, ECF DKT No. 1 Exhibit "A." The latest event complained of in the Complaint, the publication of news articles, occurred two years and nine months prior to that time on May 2, 2017.   See id. at ¶ 47.   As Plaintiff failed to file this action within a year and ninety days of the latest any of his claims could possibly have accrued, May 2, 2017, all tort claims against Defendant BOE and the individually named Defendants must also be dismissed as untimely.

**B.    Plaintiff's Claims Against BOE Offices and the City of New York Must Fail**

Plaintiff's claims against the New York City Office of Special Investigations, New York City Office of Equal Opportunity and Diversity Management and City of New York must also be dismissed.

The New York City Office of Equal Opportunity and Diversity Management is an office contained within the BOE reporting to Chancellor Richard Carranza through the Chief

Operating Officer Ursulina Ramirez.  <u>See</u> New York City Department of Education, (2020), https://www.schools.nyc.gov/docs/default-source/default-document-library/central-org-structure-accessible (last visited April 28, 2020).  The New York City Office of Special Investigations is an office of the BOE which investigates allegations of improper and unlawful behavior.  See New York City Department of Education, (2020), https://www.schools.nyc.gov/about-us/leadership/legal (last visited April 28, 2020).   Although Plaintiff names the New York City Office of Special Investigations and New York City Office of Equal Opportunity and Diversity Management as separate Defendants they are both contained within the BOE.  Entities within the New York City Department of Education lack the capacity to be sued, therefore Plaintiff's claims against New York City Office of Special Investigations and New York City Office of Equal Opportunity and Diversity Management must be dismissed.  <u>See</u> <u>Genao v. PS 154 Harriet Tubman</u>, No. 1:19-CV-0169 (CM), 2019 U.S. Dist. LEXIS 140090, at *4 (S.D.N.Y. Aug. 19, 2019); <u>see</u> <u>also</u> <u>Ximines v. George Wingate High Sch.</u>, 516 F.3d 156, 159 (2d Cir 2008).

In addition, all claims against the City of New York must be dismissed as the BOE is a separate entity from the City of New York, and the City of New York may not be held liable for the actions of the BOE or its employees.  <u>See</u> <u>Chapman v. City of N.Y.</u>, No. 06-CV-3153(ENV)(JMA), 2011 U.S. Dist. LEXIS 34221, at *15-16 (E.D.N.Y. Mar. 25, 2011).  Plaintiff does not allege that any of the individual Defendants were employed by the City of New York, or that any actions were taken by the City of New York, and as a result his claims against the City of New York must be dismissed. <u>See</u> <u>id</u>.

**POINT II**

**PLAINTIFF'S  DEFAMATION  CLAIM  MUST
BE DISMISSED**

**A.**     **Plaintiff's Claim is Barred by the Statute of Limitations**

An action for defamation under New York law must be commenced within one year and accrues at the time the material is published.  See Biro v Condé Nast, 963 F. Supp. 2d 255, 266 (S.D.N.Y. 2013); see also C.P.L.R. § 215(3).  The statute of limitations is not affected where content remains available online after its publication.  See Biro, 963 F. Supp. 2d 255 at 267; see also Young v. Suffolk County, 705 F. Supp. 2d 183, 212 (E.D.N.Y. 2010).  Here, the latest statement or publication Plaintiff complains of occurred on May 2, 2017 when he alleges Daily News and New York Post articles were published.  See Complaint, ECF DKT No. 1 Exhibit "A" at ¶ 47.  In addition to not being published to a third party, the Office of Equal Opportunity and Diversity Management report was issued prior to that time on November 3, 2016, and the latest set of charges and specifications were proffered against Plaintiff prior to March 2017.  See id. at ¶¶ 23, 27, 40.

Plaintiff filed the instant Complaint on February 4, 2020, two years and nine months after the newspaper publications and well outside the one-year statute of limitations.  See id.  Plaintiff's defamation claim must therefore be dismissed as untimely.

**B.**     **Plaintiff Fails to State a Claim Upon Which Relief Can be Granted**

"The elements of a defamation claim are (1) a false statement that is (2) negligently, at minimum, (3) published to a third party (4) without privilege or authorization, and that (5) causes harm, unless the statement is per se defamatory."  See Williams v. Buffalo Pub. Sch., 758 F. App'x 59, 65 (2d Cir. 2018).  Allegations of lies or falsehoods are not sufficient where the "particular words" underlying the allegations are not identified.  See id.  "Numerous cases illustrate that falsity is an element of a New York defamation claim, and that a plaintiff in New York courts generally must identify how the defendant's statement was false to survive a motion to dismiss."  See Tannerite Sports, L.L.C. v. N.B.C. Universal News Group, 864 F.3d 236, 245 (2d Cir. 2017).  In order to plausibly support a defamation claim a Plaintiff therefore

"must plead facts that, if proven, would establish that the defendant's statements were not substantially true." See id. at 247-248.  In cases where malice is an element of a plaintiff's defamation claim he must allege facts plausibly supporting malice.  See Biro v. Condé Nast, 807 F.3d 541, 546 (2d Cir. 2015).

Plaintiff alleges a single instance in which statements allegedly made by Defendants were published to a third party in the form of the stories published in the Daily New and New York Post on May 2, 2017.  However, Plaintiff alleges no facts indicating that the statements he claims were attributed to him by these newspapers were false.  Plaintiff alleges that it was reported that he stated "Oh yeah, I guess you don't get it because you're a female" and "I know how Jewish people like to do business."  See Complaint, ECF DKT No. 1 Exhibit "A" at ¶ 47.  Although Plaintiff alleges generally that the accusations against him are "remarkably false and unsubstantiated" he does not allege that he never made the statements attributed to him and reported by these newspapers.  Plaintiff in fact alleges no specific inaccuracies regarding these statements, but instead complains that the allegations against him were "untimely" a consideration wholly irrelevant to their truth or falsity.  See id. at 48.  These allegations fail to plausibly establish that the statements Plaintiff complains of were false.  See Tannerite Sports, 864 F. 3d 236 at 245.

In addition, both the statements of Defendant attorneys and BOE are protected by privilege.  "[A]bsolute immunity from liability for defamation exists for oral or written statements made by attorneys in connection with a proceeding before a court 'when such words and writings are material and pertinent to the questions involved.'" See Front, Inc. v. Khalil, 24 N.Y.3d 713, 718 (2015).  Statements made in anticipation of litigation are also privileged where pertinent to a good faith anticipated litigation.  See id. at 720.  This privilege extends to

statements made in quasi-judicial proceedings.  See id.; see also Park Knoll Assoc. v. Schmidt, 59 N.Y.2d 205 (1983).  Thus, to the extent, Plaintiff is alleging that any statements made by defendants in the context of initiating disciplinary proceedings against him, courts have held that Education Law § 3020-a proceedings are considered quasi-judicial proceedings for the purpose of absolute immunity. See Burkybile v. Bd. of Educ. of Hastings-on-Hudson Union Free Sch. Dist., 411 F.3d 306, 308 (2d Cir. 2005)(holding 3020-a proceeding had preclusive effect as quasi-judicial proceeding); see also Geer v. Gates Chili Cent. Sch. Dist., 321 F Supp. 3d 417, 425 (W.D.N.Y. 2018)(holding witness in 3020-a proceeding had absolute immunity); Taylor v. Brentwood Union Free School District, 908 F. Supp. 1165 (E.D.N.Y. 1995) (applying absolute immunity to members of hearing panel)(reversed in part on other grounds at Taylor v. Brentwood Union Free Sch. Dist., 143 F.3d 679, 688 [2d Cir. 1998]).

Here, Defendants Laura Hemans Brantley, Howard Friedman, and Jessica Kishpaugh are all attorneys currently or previously employed by the BOE.  See Complaint, ECF DKT No. 1 Exhibit "A" at ¶¶ 9-11.  As a result, their statements made in anticipation, or during the course, of litigation are entitled to absolute immunity from Plaintiff's defamation claim. Plaintiff references an Office of Equal Opportunity and Diversity Management report issued on November 3, 2016 signed by Laura Hemans Brantley and Howard Friedman, charges and specifications that initiated Education Law § 3020-a proceedings, statements made by Jessica Kishpaugh at a January 25, 2017 pre-hearing conference in the course of these proceedings, and a Petition challenging the hearing officer's determination following that conference. See id. at ¶¶ 24-27, 29.  All of these statements related directly to anticipated Education Law § 3020-a proceedings or litigation in the form of a special proceeding, and are therefore privileged.  In addition, the BOE is also entitled to absolute immunity from defamation claims for statements

made in the discharge of official duties.  See Sheffield v. Roslyn Union Free Sch. Dist., No. CV 13-5214 (SJF)(AKT), 2014 U.S. Dist. LEXIS 135591, at *32 (E.D.N.Y. Aug. 11, 2014). Plaintiff has alleged no statements by Defendant BOE made outside of Defendant BOE's official duties.  As a result, Defendants are entitled to absolute immunity and Plaintiff's defamation claim must be dismissed.

## POINT III

### PLAINTIFF HAS FAILED TO STATE A CLAIM FOR AGE DISCRIMINATION UNDER THE NYSHRL

A prima facie case of discrimination under the NYSHRL requires a showing, identical to a showing under the ADEA, of "(1) membership in a protected group; (2) qualification for the job in question; (3) an adverse employment action; and (4) circumstances that support an inference of discrimination."  See Hedges v. Town of Madison, 456 F. App'x 22, 23 (2d Cir. 2012); see also Marcus v. Leviton Mfg. Co., 661 F. App'x 29, 33 (2d Cir. 2016)(summary order).  While Plaintiff need not plead a prima facie case to withstand a motion to dismiss, he must still set out a plausible claim for relief under Bell Atl. Corp. v. Twombly and Ashcroft v. Iqbal.  See Id.; see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 548 (2007); Kairam v. W. Side GI, L.L.C., No. 19-447-cv, 793 F App'x 23, 26  (2d Cir. Dec. 9, 2019)(summary order).  In addition, a complaint still must give "plausible support to a minimal inference of discriminatory motivation."  See Littlejohn v. City of New York, 795 F.3d 297, 311 (2d Cir. 2015).

Plaintiff fails to allege any facts suggesting an inference of discrimination with respect to Plaintiff's age.  In fact, Plaintiff fails to allege his age, facts suggesting Defendants were aware of his age, or any facts implicating his age.  Courts have dismissed claims where Plaintiff's allegations failed to provide this basic level of detail.  See Gundlach v. IBM, No. 11-

CV-846 (CS), 2012 U.S. Dist. LEXIS 60926, at *20 (S.D.N.Y. May 1, 2012); see also Miller v. Potter, No. 07-CV-1767 (JFB) (ETB), 2007 U.S. Dist. LEXIS 95688, at *18, n 7 (E.D.N.Y. Nov. 29, 2007).  Plaintiff's allegations reference no comparators in the form of younger employees who were treated differently, no comments from supervisors or other DOE personnel with respect to Plaintiff's age from which some inference of discrimination  arises, nor identified any other employee whose age placed them within the same protected group who experienced adverse treatment.   See George v. Professional Disposables Intl., Inc., No. 15-CV-03385 (RA)(BCM), 2016 U.S. Dist. LEXIS 72912, at *19 (S.D.N.Y. June 1, 2016)("Plaintiff does not describe any comments, discriminatory or otherwise, about his age.")   Plaintiff makes the conclusory allegation that Principal Ojeda wanted Plaintiff off his payroll, but offers no facts to support this contention or indicate that that desire was somehow connected to Plaintiff's age.  As a result, Plaintiff fails to plausibly plead a minimal inference of discrimination and, Plaintiff's NYSHRL age discrimination claim must be dismissed.

**POINT IV**

**PLAINTIFF FAILS TO STATE A CLAIM FOR
NEGLIGENT INFLICTION OF EMOTIONAL
DISTRESS AND NEGLIGENCE**

**A.** **Plaintiff's Claims are Duplicative and Barred by the Exclusivity Provision of the Worker's Compensation Law**

At the outset, Plaintiff's claim for negligent infliction of emotional distress, intentional infliction of emotional distress and negligence are supported by the same facts that underlie his defamation claim and must therefore all be dismissed as duplicative of his defamation claim.  See Cummings v. City of N.Y., No. 19-cv-7723 (CM)(OTW), 2020 U.S. Dist. LEXIS 31572, at *77-78 (S.D.N.Y. Feb. 24, 2020)("Under New York law, a tort claim 'based on the same conduct underlying [a] defamation claim fails as a matter of law, because New York

cases have held that a separate cause of action for what are essentially defamation claims should not be entertained.'"")(internal quotations omitted).  The allegations in the Complaint are entirely centered around statements allegedly made by Defendants during the course of disciplinary proceedings and litigation related to Plaintiff.  As Plaintiff asserts defamation claims related to these statements and does not delineate separate actions which could form the basis of liability, his claims are duplicative of his defamation claim and must be dismissed.

In addition, Plaintiff's claims of negligent infliction of emotional distress and negligence are barred by the exclusivity provision of the Worker's Compensation Law.  See N.Y. Workers' Comp. Law § 29(6).  The statute states in relevant part "[t]he right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee…when such employee is injured or killed by the negligence or wrong of another in the same employ."  See id.  The exclusivity provision of the Worker's Compensation Law mandates the dismissal of Plaintiff's claims for negligent infliction of emotional distress and negligence. See Vaughn v. Am. Multi Cinema, Inc., No. 09 Civ. 8911 (BSJ), 2010 U.S. Dist. LEXIS 96609, at *16-17 (S.D.N.Y. Sep. 11, 2010); see also Jean-Louis v. Am. Airlines, No. 08-CV-3898 (FB), 2010 U.S. Dist. LEXIS 77292, at *6-9 (E.D.N.Y. July 30, 2010).

**B.    Plaintiff Fails to State a Claim for Negligent Infliction of Emotional Distress or Negligence**

A claim for negligent infliction of emotional distress requires a plaintiff plead "1) plaintiff was owed a duty; 2) defendant breached that duty, and 3) as a result, plaintiff suffered emotional injury."  See Clayton v. United States, No. 18 CV 5867 (MKB)(LB), 2019 U.S. Dist. LEXIS 129737, at *47 (E.D.N.Y. Aug. 1, 2019).  However, for a claim of negligent infliction of emotional distress where no physical harm occurs and the allegations do not fall into a recognized category of acts likely to cause severe emotional distress, Plaintiff must plead some

"guarantee of genuineness." See Clayton, 2019 U.S. Dist. Lexis 129737, at 47. A "guarantee of genuineness" "generally requires that the breach of the duty owed to the injured party must have at least endangered the plaintiff's physical safety or caused the plaintiff to fear for his or her own physical safety." See id. (quoting Taggart v. Costabile, 131 A.D.3d 243, 253 [2d Dep't 2015]).

        Here, Plaintiff fails to plead a specific duty was owed to him by Defendants, or a sufficient "guarantee of genuineness" to support his claim of negligent infliction of emotional distress. Plaintiff only makes the conclusory assertion that Defendants "had a non-delegable duty to utilize reasonable care and judgment in the performance of their respective responsibilities and obligations with respect to the Plaintiff." See Complaint, ECF DKT No. 1 Exhibit "A" at ¶ 87. Plaintiff fails to specify what duty any of the Defendants owed Plaintiff during the course of investigating student complaints and administering workplace discipline, how that duty was violated, or facts connecting any violation of that duty to a specific injury. As Plaintiff fails to identify any specific duty owed to him by Defendant outside the duty of general care, his claims of negligent infliction of emotional distress and negligence must be dismissed. See Clayton 2019 U.S. Dist. Lexis 129737, at 48-49; see also J.H. v Bratton, No. 16-cv-2044, 248 F. Supp. 3d 401, 416 (E.D.N.Y. 2017). Plaintiff also does not allege he was ever in physical danger or feared for his safety as a result of any act of Defendants, and as a result his claim for negligent infliction of emotional distress lacks a sufficient "guarantee of genuineness" to survive. See Vaughn v. Am. Multi Cinema, Inc., No. 09 Civ 8911 (BSJ), 2010 U.S. Dist. LEXIS 96609, at *16-17 (S.D.N.Y. Sep. 11, 2010)("There is no suggestion that [plaintiff's] or anyone else's well-being was ever close to being compromised as the result of [defendant's] alleged conduct.") Disciplinary proceedings up to and including termination are insufficient to support a claim of

negligent infliction of emotional distress.  See id.  Accordingly, Plaintiff's claims must be dismissed.

Similarly, a claim of negligence requires a plaintiff show the existence of a duty, breach of that duty, causation and damages.  See Silverman Ptnrs., L.P. v First Bank, 687 F. Supp. 2d 269, 281 (E.D.N.Y. 2010).  Plaintiff's allegations all relate to the investigation of student allegations and subsequent disciplinary proceedings, and therefore must fail as a matter of law as "[t]here is no cause of action in the State of New York sounding in negligent prosecution or investigation."  See Yu v. Vassar Coll., No. 13-CV-4373 (RA), 97 F. Supp. 3d 448, 484 (S.D.N.Y. 2015)(citing Coleman v. Corp. Loss Prevention Assocs., 282 A.D.2d 703 [2d Dep't 2001]).  Plaintiff's alleges no actions taken by Defendants outside of Plaintiff's Education Law 3020-a proceedings or the investigation proceeding them, and therefore his claim of negligence must fail.

## POINT V

### PLAINTIFF FAILS TO STATE A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Initially, Plaintiff's claims must fail against agency and municipal Defendants as "(i)t is well settled that public policy bars claims sounding in intentional infliction of emotional distress against a governmental entity."  See Pane v Town of Greenburgh, No. 07 Civ. 3216 (LMS), 2012 U.S. Dist. LEXIS 199035, at *20 (S.D.N.Y. Mar. 21, 2012).  For that reason, Plaintiff's claims as against the City of New York, Board of Education of the City School District of the City of New York, New York City Office of Special Investigations, and New York City Office of Equal Opportunity and Diversity Management must be dismissed.

In addition, Plaintiff's claim for intentional infliction of emotional distress is time barred by the one year statute of limitations.  See Castagna v. Luceno, 744 F.3d 254, 256 (2d Cir 2014).  As the latest act Plaintiff complains of occurred on May 2, 2017, and Plaintiff did not file this action until February 4, 2020, his claim of intentional infliction of emotional distress is also untimely and must be dismissed as to all Defendants.  See Complaint, ECF DKT No. 1 Exhibit "A" at ¶ 47.

"Under New York law, IIED requires pleading the following four elements: (1) extreme and outrageous conduct, measured by the reasonable bounds of decency tolerated by society; (2) intent to cause or disregard of a substantial probability of causing severe emotional distress; "(3) a causal connection between the conduct and the injury; and (4) severe emotional distress." See Margrabe v Sexter & Warmflash, P.C., 353 F. App'x 547, 550 (2d Cir 2009). "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." See Cruz v. H.S.B.C. Bank U.S.A., N.A., 586 F. App'x 723, 725 (2d Cir. 2014)(citations omitted).

Courts have generally declined to find that workplace discipline and criticism, including disciplinary hearings, rises to the level of severe and outrageous conduct.  See Krzesaj v. Henry, No. 16 Civ. 2926 (ER), 2017 U.S. Dist. LEXIS 37543, at *38 (S.D.N.Y. Mar. 15, 2017); see also Lebowitz v. N.Y. City Dept. of Educ., 407 F. Supp. 3d 158, 180 (E.D.N.Y. 2017).  Plaintiff's claims are similar to the Plaintiff's claims in Thomas v. N.Y. City Dept. of Educ., whose allegations included untimely allegations and violations of due process in Education Law § 3020-a proceedings.  See Thomas v. N.Y. City Dept. of Educ., 938 F. Supp. 2d 334, 344 (E.D.N.Y. 2013).  The Court in Thomas found that these allegations failed to rise to the

level of extreme and outrageous conduct.  See id. at 359.  The same result should apply here, where Plaintiff's allegations center around perceived procedural and investigative flaws by Defendants in conducting disciplinary proceedings against Plaintiff.  Accordingly, Plaintiff's claim for intentional infliction of emotional distress must be dismissed.

**POINT VI**

**PLAINTIFF FAILS TO STATE A CLAIM FOR
FRAUD**

"Under New York law, fraud requires proof of (1) a material misrepresentation or omission of a fact, (2) knowledge of that fact's falsity, (3) an intent to induce reliance, (4) justifiable reliance by the plaintiff, and (5) damages." See J&R Multifamily Group, Ltd. v. U.S. Bank N.A., No. 19-cv-1878 (PKC), 2019 U.S. Dist. LEXIS 209758, at *20 (S.D.N.Y. Dec. 5, 2019) (citing Loreley Fin. (Jersey) No. 3 Ltd. V. Wells Fargo Sec., LLC, 797 F.3d 160, 170 [2d Cir. 2015]).  Plaintiff must satisfy the heightened pleading standard of F.R.C.P. 9(b).  In order to satisfy these heightened pleading requirements, the Complaint must first "(1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent" and allege facts "that give rise to a strong inference of fraudulent intent." See id. (internal citations omitted).

Plaintiff makes the vague allegation that Defendants somehow "assisted in generating false and misleading statements." See Complaint, ECF DKT No. 1 Exhibit "A" at ¶ 108.  He does not identify which statements he refers to, who said the statements and in what context, or allege facts demonstrating why the statements were false and misleading.  To the extent that Plaintiff relies on the allegations of students regarding statements Plaintiff made in the classroom contained within the OEODM report, there are no allegations demonstrating these

allegations, or the resulting report or charges and specifications were fraudulent.  Plaintiff nowhere in the Complaint denies that the students interviewed during the investigation alleged Plaintiff made the reported statements, or even denies having made any of the statements. Although Plaintiff attempts to insinuate some flaw or bias present in the investigation as a result of additional allegations which were not contained in the original student complaint emerging, any investigation into misconduct logically has the potential to uncover further misconduct, which would then logically be contained in the student complaints, final report and documents in resulting disciplinary proceedings.  See id. at ¶¶ 37-38.

Further, it is made crystal clear by the allegations in the Complaint that Plaintiff did not rely, and in fact sought to contest, representations made by Defendants during the course of the investigation, disciplinary proceedings and litigation.  Plaintiff makes the conclusory assertion "the Plaintiff and others justifiably relied on the veracity and accuracy of the Defendants' representations."  See id. at ¶ 107.  However, Plaintiff's reliance is required, and Plaintiff explicitly states that he declined a settlement offer from Defendants "as he was being asked to accept punishment for a charge that had not been substantiated."  See id. at ¶ 31.  This allegation demonstrates that rather than rely on any statement of Defendants, Plaintiff contested those statements and Defendants' efforts to discipline him.  Where Plaintiff has not relied on Defendants representations, he also cannot demonstrate any damages resulting from reliance. Based on the foregoing, Defendant's claim for fraud must be dismissed.

**POINT VII**

**PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF DUE PROCESS UNDER 42 U.S.C. § 1983 AND ARTICLE I, § 11 OF THE NEW YORK CONSTITUTION**

Plaintiff bases his due process claims under U.S.C. § 1983 on his allegation that "[t]he Plaintiff's [sic] subjected to an erroneous, unsubstantiated process, served with fabricated and unfounded charges, and placed on a removal from the classroom that was unwarranted and exceed the maximum allowable amount of time."   See id. at ¶ 113.   These allegations presumably refer to the circumstances of Plaintiff's Education Law § 3020-a proceedings and reassignment to ATR, for which an adequate post deprivation remedy exists under Articles 75 and 78 of the C.P.L.R.  See Arredondo v. County of Nassau, No. 11-CV-710 (JFB)(GRB), 2012 U.S. Dist. LEXIS 36156, at *33 (E.D.N.Y. Mar. 16, 2012).  Accordingly, Plaintiff fails to allege a violation of the due process clause.  See id. at 31 ("When a plaintiff brings a due process claim '[b]ased on random unauthorized acts by state employees ... [t]he Due Process Clause of the Fourteenth Amendment is not violated when a state employee intentionally deprives an individual of property or liberty so long as the State provides a meaningful post[-]deprivation remedy.'")(citing Hellenic Am. Neighborhood Action Comm. v. City of New York, 101 F.3d 877, 880 [2d Cir. 1996]); see also Raja v. Burns, No. 19-CV-01328, 2020 U.S. Dist. LEXIS 19209, at *16 (E.D.N.Y. Feb. 5, 2020).  Even had Plaintiff clearly articulated a property interest he was deprived of, his allegation that BOE employees somehow acted inappropriately is insufficient to demonstrate a violation of due process as he had an adequate post deprivation remedy to discipline through an Article 75 or 78 proceeding.

In addition, Plaintiff's Education Law § 3020-a proceeding provided adequate process.  The Court in Jacobs v. Mostow, 271 F. App'x 85, 89 (2d Cir. 2008) specifically addressed a similar due process claim centering around an Education Law § 3020-a proceeding and held that the "full blown adversarial hearing" was sufficient to satisfy due process despite Plaintiff's objections to elements of the hearing process, "especially given [plaintiff's] failure to

utilize the process afforded him by state law to appeal the arbitrator's decision."  See Jacobs v. Mostow, 271 F. App'x 85, 89 (2d Cir. 2008)(summary order).  The same result should follow here.

It is unclear whether Plaintiff intended to invoke New York Constitution Article I, § 6 or § 11.  While Plaintiff purported to invoke § 11 of the N.Y. Constitution and it's grant of equal protection, he included his N.Y. Constitution claim with his § 1983 due process claim and solely referenced due process in those allegations identified as supporting his claim.  See Complaint, ECF DKT No. 1 Exhibit "A" at ¶¶ 111-119.  To the extent that Plaintiff seeks to allege a due process claim under the New York State Constitution, Plaintiff's claim under the New York Constitution is coextensive with his claim under the United States Constitution and must fail for the same reasons. See Hernandez v. United States, 939 F.3d 191, 205 (2d Cir. 2019).  To the extent that Plaintiff seeks to assert an equal protection claim, he is required to plausibly assert that "(1) [he] [was] treated differently from other similarly-situated individuals and (2) such selective treatment was based on impermissible considerations such as race or religion."  See Kajoshaj v. N.Y. City Dept. of Educ., 543 F. App'x 11, 15 (2d Cir. 2013).  Here, as discussed above with respect to Plaintiff's NYSHRL claim, Plaintiff has alleged no basis from which it could be inferred that his age, or any other protected characteristic motivated Defendants' actions.  Plaintiff's conclusory allegation that Principal Ojeda wanted Plaintiff off his payroll, simply does not establish any bias related to age or another protected characteristic. As a result, Plaintiff's New York Constitutional claim must also be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion to dismiss the Complaint, together with such other and further relief as the Court deems just and proper.

Dated:       New York, New York
              April 30, 2020

                                **JAMES E. JOHNSON**
                                Corporation Counsel of the
                                  City of New York
                                Attorney for Defendants
                                100 Church Street, Room 2-176
                                New York, New York 10007
                                (212) 356-2445
                                nigreen@law.nyc.gov

                            By:    /s/ *Nicholas Green*
                                   Nicholas Green
                                 Assistant Corporation Counsel

Danielle Dandrige,
Nicholas Green,
  Of Counsel.