No. 20 Civ. 2846 (JPO)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALAN HERZ,

Plaintiff,

-against-

THE CITY OF NEW YORK; BOARD OF
EDUCATION OF THE CITY SCHOOL DISTRICT
OF THE CITY OF NEW YORK; NEW YORK CITY
OFFICE OF SPECIAL INVESTIGATIONS; NEW
YORK CITY OFFICE OF EQUAL OPPORTUNITY
AND DIVERSITY MANAGEMENT; ADAM
BOXER, MOSES OJEDA,; ROXANNA THOMAS;
LAURA HEMANS BRANTLEY, ESQ.; HOWARD
FRIEDMAN; JESSICA GROPPE a/k/a/ JESSICA
KISHPAUH and "JOHN AND JANE DOE # 1-100"
said names being fictitious, it being the intent of
Plaintiff to designate any and all individuals, officers,
members, agents, servants, and/or employees of the
aforementioned agencies owing a duty of care to
Plaintiff, individual and jointly and severally,

Defendants.

**REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF DEFENDANTS' MOTION TO
DISMISS THE COMPLAINT**

*JAMES E. JOHNSON*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street - Room 2-176*
*New York, NY 10007*

*Of Counsel: Nicholas Green*
*Tel: (212) 356-2445*
*Matter No.: 2020-012038*

Danielle Dandrige,
Nicholas Green,
 Of Counsel

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................. 1

STATEMENT OF FACTS .................................................................................... 2

ARGUMENT ................................................................................................. 2

      POINT I ................................................................................................ 2

           PLAINTIFF'S CLAIMS ARE BARRED BY
           FAILURE TO FILE A TIMELY NOTICE OF
           CLAIM, AND TIME-BARRED IN PART ................................................. 2

      POINT II ............................................................................................... 5

           PLAINTIFF FAILS TO STATE A CLAIM UPON
           WHICH RELIEF CAN BE GRANTED ...................................................... 5

           A.   Defamation ......................................................................... 5

           B.   NYSHRL Age Discrimination and New York
                State Constitution Equal Protection Claims ........................................ 7

           C.   Negligent Infliction of Emotional Distress,
                Intentional Infliction of Emotional Distress,
                and Negligence .................................................................... 8

           D.   Fraud and Due Process Claims .......................................................... 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

Baker v. Bank of Am., N.A.,
  2016 U.S. Dist. LEXIS 195462 (S.D.N.Y. Oct. 31, 2016) ......................................................3

Barr v. Abrams,
  810 F2d 358 (2d Cir 1987)..................................................................................................6

Clayton v. United States,
  2019 U.S. Dist. LEXIS 129737 (E.D.N.Y. Aug. 1, 2019) ......................................................9

Cummings v. City of N.Y.,
  2020 U.S. Dist. LEXIS 31572 (S.D.N.Y. Feb. 24, 2020) ...................................................5, 8

D'Alessandro v. City of N.Y.,
  713 F App'x 1 (2d Cir 2017) ............................................................................................5, 8

Faculty, Alumni, & Students Opposed to Racial Preferences v. N.Y. Univ. Law
  Review,
  2020 U.S. Dist. LEXIS 56187 (S.D.N.Y. Mar. 31, 2020) ...................................................4, 5

Flaherty v. Massapequa Pub. Schs.,
  752 F. Supp. 2d 286 (E.D.N.Y. 2010) ..................................................................................3

Front, Inc. v. Khalil,
  24 N.Y.3d 713, 718 (2015) ..................................................................................................6

George v. Professional Disposables Intl., Inc.,
  2016 U.S. Dist. LEXIS 72912 (S.D.N.Y. June 1, 2016)..........................................................7

Gundlach v. IBM,
  2012 U.S. Dist. LEXIS 60926 (S.D.N.Y. May 1, 2012)...........................................................8

Harley v. City of N.Y.,
  No. 14-CV-5452 (PKC), 2016 U.S. Dist. LEXIS 16641 (E.D.N.Y. Feb. 10,
  2016) ................................................................................................................................8

Jacobs v. Mostow,
  271 F. App'x 85 (2d Cir. 2008) ..........................................................................................10

J.H. v. Bratton,
  248 F. Supp. 3d 401 (E.D.N.Y. 2017) ..................................................................................7

Kampuries v. Am. Honda Motor Co.,
  204 F. Supp. 3d 484 (E.D.N.Y. 2016) ..................................................................................3

Kent v. Cardone,
  404 F. App'x 540 (2d Cir. 2011) ...................................................................6

Krzesaj v. Henry,
   2017 U.S. Dist. LEXIS 37543 (S.D.N.Y. Mar. 15, 2017) ...........................9

Semencic v. County of Nassau,
  2020 U.S. Dist. LEXIS 14066 (E.D.N.Y. Jan. 28, 2020) ...........................3

Sheffield v. Roslyn Union Free Sch. Dist.,
  2014 U.S. Dist. LEXIS 135591 (E.D.N.Y. Aug. 11, 2014) .........................6

Sirisena v. City Univ. of N.Y.,
  2019 U.S. Dist. LEXIS 58384 (E.D.N.Y. Mar. 31, 2019) ...........................4

Tannerite Sports, L.L.C. v. N.B.C. Universal News Group,
  864 F.3d 236 (2d Cir. 2017)........................................................................5

Tomscha v. Poole,
  2016 U.S. Dist. LEXIS 175873 (S.D.N.Y. Dec. 20, 2016) ..........................5

**State Cases**

Commerzbank AG London Branch v. U.B.S. A.G.,
  2015 N.Y. Slip Op 31051[U] (Sup. Ct., N.Y. County 2015)........................3

Garcia v. Puccio,
  17 A.d.3d 199 (1st Dep't 2005) ....................................................................5

Levine v. Gurney,
  149 A.D.2d 473 (2d Dep't 1989) ..................................................................9

Perez v. City of N.Y.,
  41 AD3d 378 (1st Dep't 2007) .....................................................................4

Savvis v. N.Y. City Dept. of Educ.,
  142 A.D.3d 545 (2d Dep't 2016) ..................................................................4

Sullivan v. Bd. of Educ.,
  131 A.D.2d 836 (2d Dep't 1987) .............................................................9-10

**Statutes**

Education Law § 3813 ............................................................................................1,

Education Law § 3020-a .................................................................................10, 5

New York State Human Rights Law ..................................................................1, 7

42. U.S.C. § 1983 ..........................................................................................................1, 5

**Other Authorities**

New York Constitution Article I, § 6 or § 11 ...........................................................1, 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

ALAN HERZ,

                                        Plaintiff,

            -against-

THE CITY OF NEW YORK; BOARD OF
EDUCATION OF THE CITY SCHOOL DISTRICT OF
THE CITY OF NEW YORK; NEW YORK CITY
OFFICE OF SPECIAL INVESTIGATIONS; NEW
YORK CITY OFFICE OF EQUAL OPPORTUNITY
AND DIVERSITY MANAGEMENT; ADAM BOXER,
MOSES OJEDA,; ROXANNA THOMAS; LAURA
HEMANS    BRANTLEY,    ESQ.;    HOWARD
FRIEDMAN; JESSICA GROPPE a/k/a/ JESSICA
KISHPAUH and "JOHN AND JANE DOE # 1-100"
said names being fictitious, it being the intent of
Plaintiff to designate any and all individuals, officers,
members, agents, servants, and/or employees of the
aforementioned agencies owing a duty of care to
Plaintiff, individual and jointly and severally,

                                        Defendants.
------------------------------------------------------------------- X

|  |  |
|---|---|
|  | **REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT** |
|  | No. 20 Civ. 2846 (JPO) |

## <u>PRELIMINARY STATEMENT</u>

Plaintiff[1], a teacher employed by the Board of Education of the City School
District of the City of New York ("BOE"), alleges claims of defamation, age discrimination
under the New York State Human Rights Law ("NYSHRL"), negligence, negligent and
intentional infliction of emotional distress, fraud, and violation of due process under 42. U.S.C. §
1983 and the New York State Constitution.  Defendants the City of New York, BOE New York

---

[1] Plaintiff, perhaps erroneously, spells his last name as "Hertz" in his Memorandum of Law;
however, the caption of the pleadings in this case has his named spelled as "Herz," which is the
spelling Defendants will utilize.  <u>See</u> Plaintiff's Memorandum of Law in Opposition at pg.1.

City Office of Special Investigations, New York City Office of Equal Opportunity and Diversity Management, Adam Boxer, Moses Ojeda, Roxanna Thomas, Laura Hemans Brantley, and Jessica Kishpaugh[2] moved to dismiss this action on April 30, 2020. See ECF Docket No. 7.

Plaintiff filed his Opposition on July 3, 2020. See ECF DKT No. 12. Defendants now write in response to Plaintiff's Opposition and in further support of their motion to dismiss.

## STATEMENT OF FACTS

Defendants respectfully refer the Court to their Memorandum of Law in Support of their Motion to Dismiss for a complete statement of all pertinent and material facts.

## ARGUMENT

### POINT I

### PLAINTIFF'S CLAIMS ARE BARRED BY FAILURE TO FILE A TIMELY NOTICE OF CLAIM, AND TIME-BARRED IN PART

Plaintiff argues that by serving a notice of claim on Defendant BOE on March 26, 2019 that he has complied with the Notice of Claim provisions in Education Law § 3813 with respect to the BOE and individual Defendants. See Plaintiff's Memorandum of Law, ECF DKT No. 12-1 at 6. However, by March 26, 2019 more than three months had passed since his claims accrued, and the statute of limitations applicable under Education Law § 3813 had also expired.

A claim of negligence accrues when the injury occurs, whether or not the Plaintiff is aware she/he/they has a cause of action. See Kampuries v. Am. Honda Motor Co., 204 F. Supp. 3d 484, 490 (E.D.N.Y. 2016). The statute of limitations for claims of intentional infliction

---

[2] The Affidavit of service attached to Plaintiff's Opposition demonstrates an attempt to serve Howard Friedman at 100 Church Street, New York New York 10007, the office of the Corporation Counsel. As this office does not currently represent Howard Friedman, is not authorized to accept service his behalf, and is not his place of business, upon information and belief, Defendant Friedman has not been served in this action.

of emotional distress and negligent infliction of emotional distress also accrue when the injury occurs.  See Semencic v. County of Nassau, No. 18-CV-5244 (SJF) (AKT), 2020 U.S. Dist. LEXIS 14066, at *25 (E.D.N.Y. Jan. 28, 2020); see also Baker v. Bank of Am., N.A., 2016 U.S. Dist. LEXIS 195462, at *8 (S.D.N.Y. Oct. 31, 2016).  In his opposition, Plaintiff argues that his injury occurred when there were unspecified changes that somehow "negatively affect[ed] his status and means of employment."  See Plaintiff's Memorandum of Law, ECF DKT No. 12-1 at 18.  Plaintiff's allegations establish that the only change to his employment status was his transfer to a reassignment center, which occurred as of March 6, 2017.  See Complaint, ECF DKT No. 1 at ¶ 40.  As a result he failed to serve a notice of claim or file this action within the one year and ninety day statute of limitations from the accrual of his claim, or by June 4, 2018.

A cause of action for fraud similarly accrues when the elements of fraud can be truthfully alleged--ordinarily when the injury occurs.  See Commerzbank AG London Branch v. U.B.S. A.G., 2015 N.Y. Slip Op 31051[U], *3 (Sup. Ct., N.Y. County 2015).  However, a claim may also accrue when the plaintiff discovers the fraud or could with reasonable diligence have discovered it.  See id.  Here, Plaintiff admits he was involved in a quasi-judicial, adversarial hearing and accordingly either knew or reasonably should have known about any misrepresentations made by Defendants after he received disciplinary charges on February 28, 2017.  See Complaint, ECF DKT No. 1 at ¶ 40.  Plaintiff failed to serve a notice of claim or file a complaint by a year and ninety days of that time, May 29, 2018.

"Generally, '[a] cause of action for discrimination under N.Y. Human Rights Law accrues and the limitation period begins to run on the date of the alleged discriminatory act.'" See Flaherty v. Massapequa Pub. Schs., 752 F. Supp. 2d 286, 293 (E.D.N.Y. 2010).  Here, measuring the statutory period from his transfer to a reassignment center on March 6, 2017,

Plaintiff's claims are untimely.   Plaintiff argues that because he remained in the reassignment center into March 2019 a continuing violation exists which makes his claims timely, however "(w)hen evaluating discrimination claims under the continuing violation theory, the focus of the analysis is on the acts of the employer rather than the effect felt by the employee."  See Sirisena v. City Univ. of N.Y., No. 17-cv-7135 (DLI) (RML), 2019 U.S. Dist. LEXIS 58384, at *12 (E.D.N.Y. Mar. 31, 2019).   Because Plaintiff's reassignment was a discrete act the continuing violation doctrine would not extend the statute of limitations.  See id. at 11.   In addition, Plaintiff asserts no claim for hostile work environment in his Complaint, and cannot amend his Complaint now through his opposition to assert such a claim.  See Faculty, Alumni, & Students Opposed to Racial Preferences v. N.Y. Univ. Law Review, No. 18 Civ. 9184 (ER), 2020 U.S. Dist. LEXIS 56187, at *20 (S.D.N.Y. Mar. 31, 2020)(citation omitted).

As the statute of limitations has expired for his NYSHRL, fraud, negligence and negligence and intentional infliction of emotional distress claims, Plaintiff   cannot be granted leave to file a late notice of claim now and his request to file a late notice of claim should be denied.  See Education Law § 3813(1).  Plaintiff's lawsuit seeks to enforce private rights and an award of money damages, and is therefore not subject to an exception to the notice of claim requirement.  See Savvis v. N.Y. City Dept. of Educ., 142 A.D.3d 545, 546 (2d Dep't 2016). Plaintiff has not alleged service of a pleading which would have given Defendants actual notice of Plaintiff's claim within three months of the time his claims accrued.   Accordingly, Plaintiff's claims fail to comply with the notice of claim requirements and are untimely.   Finally, the City of New York remained a separate legal entity from the BOE following the 2002 amendments to the Education Law.   See Perez v. City of N.Y., 41 AD3d 378, 379 (1st Dep't 2007)(reversing Perez v. City of New York, 9 Misc. 3d 934 [Sup. Ct., Bronx County 2005]).

### POINT II

### PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

**A.      Defamation**

   Plaintiff makes no reference to § 1983 with respect to his cause of action for defamation.   See Complaint, ECF DKT No. 1 at ¶¶ 45-78.   Accordingly, Plaintiff may not now amend his Complaint through his opposition brief to include additional claims.   See Faculty, Alumni, & Students Opposed to Racial Preferences, 2020 U.S. Dist. LEXIS 56187, at *20. However, even had Plaintiff included a claim for defamation under § 1983, he fails to allege facts supporting an actionable due process claim for damage to his reputation.   "[T]o prevail on a 'stigma plus' claim, a plaintiff must show [i] the utterance of a statement sufficiently derogatory to injure his or her reputation, that is capable of being proved false, and that he or she claims is false, and [ii] a material state-imposed burden or state-imposed alteration of the plaintiff's status or rights."   See Tomscha v. Poole, 2016 U.S. Dist. LEXIS 175873, at *31 (S.D.N.Y. Dec. 20, 2016).   Plaintiff has failed to plausibly allege any statements made by Defendant that are capable of being proved false and which Plaintiff claims are false.   In addition Plaintiff has been afforded adequate due process by access to an Education Law 3020-a proceeding and had access to review in the form of Article 78 and Article 75 proceedings.   See Cummings v. City of N.Y., 2020 U.S. Dist. LEXIS 31572, at *31-32 (S.D.N.Y. Feb. 24, 2020).

   In order to plausibly state a claim for defamation and survive a motion to dismiss, Plaintiff must identify how the Defendants' statements are false in his Complaint.   See Tannerite Sports, L.L.C. v. N.B.C. Universal News Group, 864 F.3d 236, 245 (2d Cir. 2017).  The court in Tannerite specifically distinguished Garcia v. Puccio, 17 A.d.3d 199 (1st Dep't 2005) on which Plaintiff relies, noting that the court in Garcia dealt with a situation in which a statement without

context created a false impression of the Plaintiff, and limited application of <u>Garcia</u> to similar cases.  <u>See</u> <u>id</u>. at 247.  Here, Plaintiff alleges no facts indicating that statements were made out of context, or facts that would lead a reasonable person to determine that Defendants' statements were false.      <u>See</u> <u>id</u>. at 247. In his Opposition, as in his Complaint, Plaintiff focuses on his contention that the charges against him were untimely.    Plaintiff's vague and generalized allegation that accusations against him are "remarkably false and unsubstantiated" is distinct from any factual assertions which would establish the falsity of a specific statement. Accordingly Plaintiff's claim for defamation must be dismissed.

Plaintiff also argues that absolute immunity does not apply to Defendants' attorneys or Defendant BOE as they acted "without any legal authority."   However, the basis for absolute immunity here with respect to Defendants Laura Hemans Brantley, Howard Friedman, and Jessica Kishpaugh is that immunity applied to statements made by attorneys relating to ongoing or prospective litigation both in special proceedings or quasi-judicial proceedings. <u>See</u> <u>Front, Inc. v. Khalil</u>, 24 N.Y.3d 713, 718 (2015).   With respect to Defendant BOE the immunity applies to statements made in the discharge of its duties. <u>See</u> <u>Sheffield v. Roslyn Union Free Sch. Dist.</u>, No. CV 13-5214 (SJF)(AKT), 2014 U.S. Dist. LEXIS 135591, at *32 (E.D.N.Y. Aug. 11, 2014). The question of legal authority and whether an individual has proceeded with clear absence of jurisdiction is relevant only to consideration of absolute immunity for judges and prosecutors.  <u>See</u> <u>Barr v. Abrams</u>, 810 F2d 358, 361 (2d Cir 1987); <u>see also</u> <u>D'Alessandro v. City of N.Y.</u>, 713 F App'x 1, 6 (2d Cir 2017); <u>Kent v. Cardone</u>, 404 F. App'x 540, 543 (2d Cir. 2011). It is not the question of jurisdiction but the context of statements that governs immunity with respect to attorneys, and Plaintiff does not argue any of these statements were made outside of the context of litigation or anticipated litigation.   It would also be illogical to remove absolute

immunity from attorneys who are not "sufficiently independent" from their employers, as attorneys can and must act as advocates.   Moreover, although Plaintiff makes the conclusory allegation that Defendants "acted without any legal authority" he has not established any basis for that conclusion.   Plaintiff's claim that the charges against him were time-barred does not equate to a lack of jurisdiction that would deprive proceedings of legal authority.

**B.    NYSHRL Age Discrimination and New York State Constitution Equal Protection Claims**

In his opposition, Plaintiff argues his "tenured position and proximity to retirement" create an inference of age related discrimination in support of his NYSHRL claim. See Plaintiff's Memorandum of Law, ECF DKT No. 12-1 at 15.   Plaintiff similarly supports his equal protection claim under the New York State Constitution with the conclusory claim that his disciplinary hearings were motivated by his "age and proximity to retirement."   See id. at 24. However, Plaintiff's complaint contains no allegations which establish Plaintiff's proximity to retirement or even his age.   Plaintiff alleges no facts to support his belief that Principal Ojeda's "obvious intent was to remove the Plaintiff from his budget payroll."   See ECF DKT No. 1 at ¶ 36.   Plaintiff's sole allegation supporting his claim that Principal Ojeda wanted Plaintiff off his payroll is that Plaintiff was offered a transfer to the absent teacher reserve and sensitivity training as a resolution of his disciplinary charges.   See id. at ¶ 31.   But it is unclear how this offer of settlement implicates the school's payroll, much less Plaintiff's age.   Moreover, given that Plaintiff has failed to identify his age, it is impossible determine, indeed he does not even allege, that he was treated differently from similarly situated employees outside of his protected class. See George v. Professional Disposables Intl., Inc., No. 15-CV-03385 (RA)(BCM), 2016 U.S. Dist. LEXIS 72912, at *19 (S.D.N.Y. June 1, 2016).

Plaintiff alleges that the disciplinary charges against him lacked merit, but not that they were directed at him in whole or in part because of his age. Plaintiff fails to provide the basic level of detail required to support any inference of discrimination on the basis of age, and his NYSHRL claim and equal protections claim must therefore be dismissed. See Gundlach v. IBM, No. 11-CV-846 (CS), 2012 U.S. Dist. LEXIS 60926, at *20 (S.D.N.Y. May 1, 2012). Additionally, as Plaintiff has the alternative avenue available of his claim under the NYSHRL there is no implied private right of action under the New York State Constitution. See J.H. v. Bratton, 248 F. Supp. 3d 401, 414 (E.D.N.Y. 2017).

## C.      Negligent Infliction of Emotional Distress, Intentional Infliction of Emotional Distress, and Negligence

Initially, Plaintiff has not disputed that his claims of negligent infliction of emotional distress and negligence are barred by the exclusivity provisions of the worker's compensation law, thereby abandoning those claims. See Harley v. City of N.Y., No. 14-CV-5452 (PKC), 2016 U.S. Dist. LEXIS 16641, at *20 (E.D.N.Y. Feb. 10, 2016). Moreover, although Plaintiff's claims that "a review of the facts and circumstances of the claims" would be necessary to determine whether his claims were duplicative, it is apparent from the face of the Complaint that all of Plaintiff's claims center on statements allegedly made by Defendants during the course of disciplinary proceedings and litigation related to Plaintiff. As these statements form the basis of his defamation claim, additional claims of negligent infliction of emotional distress, intentional infliction of emotional distress and negligence would be duplicative. See Cummings,, 2020 U.S. Dist. LEXIS 31572, at *77-78. Finally, as discussed above, Plaintiff's claim for intentional infliction of emotional distress would have accrued when the injury occurred, which could have happened no later than May 2017, and even if, arguendo, the applicable statute of limitations were one year and ninety days rather than one year this

action was still not filed within one year and ninety days of that date, and is therefore time-barred.

With respect to Plaintiff's claim of intentional infliction of emotional distress Plaintiff cites to no analogous case law that suggests workplace disciplinary proceedings rise to the level of extreme and outrageous conduct. Plaintiff relies on Levine v. Gurney, 149 A.D.2d 473 (2d Dep't 1989) which dealt with a claim of malicious prosecution and specifically noted "the possible threat of imprisonment" was what allowed the Plaintiff's claims to demonstrate outrageous conduct. No such threat of imprisonment existed here, and Courts in examining disciplinary hearings have not found the threshold of extreme and outrageous conduct met. See Krzesaj v. Henry, No. 16 Civ. 2926 (ER), 2017 U.S. Dist. LEXIS 37543, at *38 (S.D.N.Y. Mar. 15, 2017). Nor, even assuming all of Plaintiff's allegations are truthful is there any factual basis for concluding a "deliberate and malicious campaign" of the nature held by Courts to constitute extreme and outrageous conduct. See Sullivan v. Bd. of Educ., 131 A.D.2d 836, 837 (2d Dep't 1987). The Plaintiff in Sullivan alleged not merely that Defendants filed false disciplinary charges, but threatened him with those disciplinary charges in order to coerce his retirement and "spread false rumors that he had been involved in an affair with an associate, that he had used student funds for his own benefit and that he had used his associates to perform work on his home during school hours." See id. Here there are no allegations that Plaintiff was threatened or coerced into the loss of his position, his romantic life was implicated, or he was alleged to have engaged in potentially criminal conduct. Thus the facts at bar are distinguishable from Sullivan.

Although Plaintiff argues in his opposition that he "has alleged that Defendants owed Plaintiff a duty," he does not articulate what that duty is. See Plaintiff's Memorandum of Law, ECF DKT No. 12-1 at 18. This failure underlines the overall failure within the Complaint

to allege facts which would establish a duty owed by Defendants to Plaintiff.  The absence of any alleged duty owed to Plaintiff is fatal to both Plaintiff's claims of negligent infliction of emotional distress and negligence.   Further, Plaintiff has not alleged, and does not argue in the Complaint that he has alleged, any indicia of genuineness implicating his personal safety to support a claim of negligent infliction of emotional distress.   See Clayton v. United States, No. 18 CV 5867 (MKB)(LB),  2019 U.S. Dist. LEXIS 129737, at *47 (E.D.N.Y. Aug. 1, 2019).

**D.     Fraud and Due Process Claims**

The accusations focused on in Plaintiff's Opposition, namely that new charges against Plaintiff emerged during the course of the investigation into Plaintiff's conduct and that charges against Plaintiff were untimely, do not establish a material misrepresentation on the part of Defendants to support a claim of fraud.   See Plaintiff's Memorandum of Law, ECF DKT No. 12-1 at 21.      In addition Plaintiff has not articulated any way in which he relied on Defendants' representations, only alleging vaguely "Plaintiff and others justifiably relied on the veracity and accuracy of Defendants' representations" without describing how.   See id. at 22.  The allegations in the Complaint demonstrate that Plaintiff contested Defendants' representations throughout the course of his disciplinary proceedings, and refused Defendants' offer of settlement.   Plaintiff's claims must therefore fail as there was no reliance or damages flowing from his reliance.

Plaintiff's due process claim rests on his allegation that Defendants ignored proper protocols and submitted "outdated and fabricated documents" during his disciplinary proceedings.   See id. at 23.   However, Plaintiff had adequate due process in the form of Education Law 3020-a proceedings and further post deprivation remedies available in the form of Article 78 or Article 75 special proceedings.   See  Jacobs v. Mostow, 271 F. App'x 85, 89 (2d Cir. 2008).   Therefore his complaints regarding Defendants' conduct in the hearing process fail to demonstrate  he was deprived of due process.   See id.

For the foregoing reasons, Defendants respectfully request that the Court grant their motion to dismiss the Complaint, together with such other and further relief as the Court deems just and proper.

Dated:       New York, New York
             August 14, 2020

                              **JAMES E. JOHNSON**
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendants
                              100 Church Street, Room 2-176
                              New York, New York 10007
                              (212) 356-2445
                              nigreen@law.nyc.gov

                       By:    /s/ *Nicholas Green*
                              Nicholas Green
                              Assistant Corporation Counsel

Danielle Dandrige,
Nicholas Green,
  Of Counsel.