UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------
ALAN HERZ,
                                    Plaintiff,

            -v-                                          20-CV-2846 (JPO)

CITY OF NEW YORK, ET AL.,                                OPINION AND ORDER
                                    Defendants.
---------------------------------------------------------------

J. PAUL OETKEN, District Judge:

      Plaintiff Alan Herz ("Herz"), a teacher employed by the Board of Education of the City School District of the City of New York ("BOE"), sued defendants the City of New York, BOE, New York City Office of Special Investigations, New York City Office of Equal Opportunity and Diversity Management ("OEODM"), Adam Boxer, Moses Ojeda, Roxanna Thomas, Laura Hemans Brantley, and Jessica Kishpaugh (collectively, "Defendants"), asserting claims of defamation, age discrimination under the New York State Human Rights Law, negligence, negligent and intentional infliction of emotional distress, fraud, and violations of due process under 42 U.S.C. § 1983 and the New York Constitution.[1]  (See Dkt. 1-1 ("Compl.").) Defendants removed the action, filed in state court on February 4, 2020, to federal court on April 6, 2020, and moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) shortly

---

[1] Herz also brings suit against Howard Friedman, whom he alleges he served with a copy of the summons and verified complaint; Herz included a copy of the affidavit of service as an exhibit to his opposition to this motion.  (Dkt. 12-1 at 1 n.1; Dkt. 12-2).  Defendants argue that service was improper because Herz served Friedman at the Corporation Counsel office, and the office "does not currently represent [] Friedman, is not authorized to accept service his behalf, and is not his place of business."  (Dkt. No. 15 at 2 n.2.)  Friedman is not represented by counsel for Defendants in this case and thus has not moved to dismiss; the claims against him are discussed *infra*.

thereafter.  (*See* Dkt. No. 7.)  For the reasons that follow, Defendants' motion to dismiss is granted.

## I.     Background

The following facts are taken from the complaint and assumed true for the purposes of this motion.

Herz, who began his teaching career around February 1990, was employed as a tenured teacher at the Thomas A. Edison Career & Technical Education High School in Queens County for roughly 17 years.  (Compl. ¶ 1.)  In February 2014, Student A filed a complaint against Herz regarding two incidents that was transmitted to the New York City Office of Special Investigations.  (Compl. ¶¶ 22, 33.)  In the first incident, Herz allegedly responded to a student, who had indicated that she did not understand an assignment, "well, I guess that's because you're a female."  (Compl. ¶ 18.)  Student A believed Herz favored male students.  (*Id*.)  In the second, Herz took a "defective" chocolate bar from Student E.Z., who had been selling chocolate bars in class, and said, "I know how Jewish people like to do business."  (*Id*.)  He later apologized to Student E.Z. for the incident.  (*Id*.)

According to OEODM, Student A reported two additional incidents when she was interviewed after filing her 2014 complaint.  (Compl. ¶ 20.)  In September 2013, a student who had been absent when textbooks were distributed asked Herz, "What's the penalty?" and Herz allegedly responded "I don't know; I guess five lashes."  (Compl. ¶ 19.)  Herz also allegedly told Student T.W., who had asked about a reading assignment, "This is how we read well in this country."  (Compl. ¶ 20.)  Student A interpreted the comment as an aspersion regarding ethnicity or national origin but was unable to identify Student T.W.'s ethnicity or national origin.  (*Id*.)

On November 3, 2016, the OEODM released a report substantiating Student A's February 2014 complaint and determining that Herz's statements violated Chancellor's Regulation A-830 prohibiting gender and religious discrimination. (Compl. ¶ 23.) Student A's later two allegations were not substantiated. (*Id.*)

In 2017, Herz moved to dismiss the charges from Student A's 2014 complaint on the basis that the charges were untimely. (Compl. ¶¶ 24–26.) The hearing officer granted Herz's motion to dismiss by letter on February 15, 2017. (Compl. ¶ 26.)

Shortly thereafter, Herz was served with new charges and specifications for racial discrimination relating to his statements to T.W. (Compl. ¶ 27.) BOE also filed a February 27, 2017 petition challenging the determination regarding the motion to dismiss. (Compl. ¶ 29.) The next day, Herz received notice from defendant Ojeda, the principal of Herz's assigned school, finding that probable cause had been found for the charges and specifications against Herz and that he would be suspended and reassigned. (Compl. ¶ 30.) Herz was told, at one point, that if he voluntarily entered the Absent Teacher Reserve ("ATR") and attend sensitivity training the BOE would drop the charges, but he refused. (Compl. ¶ 31.)

Herz was removed from his assigned school on March 3, 2017, and reported to a reassignment center on March 6, 2017. (Compl. ¶ 40.) On March 20, 2017, BOE withdrew the disciplinary charges, but Herz was not returned to the classroom. (Compl. ¶ 41.) On May 2, 2017, the Daily News and New York Post published articles regarding Herz that included the OEODM-substantiated statements. (Compl. ¶ 47.) Herz alleges that Defendants reported these statements to the media. (Compl. ¶ 48.)

On January 25, 2019, a state judge denied the BOE's petition appealing the February 15, 2017 hearing officer's determination. (Compl. ¶ 42.) Herz still was not returned to the

classroom, and he filed notices of claim on March 26, 2019.  (Compl. ¶¶ 14, 43.)  After Herz filed suit in New York state court on February 4, 2020, Defendants removed the action to this Court on April 6, 2020, and moved to dismiss on April 30, 2020.  (Dkt. Nos. 1, 7.)

**II.     Legal Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In considering the motion to dismiss, the Court "must accept as true all of the factual allegations contained in the complaint."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002).  And while "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, the Court must draw "all inferences in the light most favorable to the nonmoving party[ ]," *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007).

**III.    Discussion**

Herz sues Defendants for defamation, age discrimination under the New York State Human Rights Law ("NYSHRL"), negligence, negligent and intentional infliction of emotional distress, fraud, and violations of due process under 42 U.S.C. § 1983 and the New York Constitution.  Defendants seek to dismiss the case, arguing that (1) the City of New York, as a separate entity from the BOE, is not a proper party to this action; (2) subsections of the BOE cannot be sued separately from the BOE; (3) several claims are barred by New York Education Law § 3813; and (4) Herz has not stated a claim on the remaining causes of action.  Each argument is taken in turn.

### A.     Whether the City of New York is a Proper Party to this Action

Defendants argue that, as a separate entity from BOE, the City of New York should be dismissed from this case. (Dkt. No. 7-1 at 8.) Herz responds that certain 2002 Education Law amendments giving the New York City Mayor more power led courts to determine that "in light of the wholesale transfer of power and responsibility from the Board of Education to the Mayor, the City may not [ ] shield itself from liability by claiming that the Board of Education is the responsible party." *Perez v. City of New York,* 804 N.Y.S.2d 632, 633 (N.Y. Sup. Ct., Bronx Co. 2005). (Dkt. No. 12-1 at 10–11.)

But the *Perez* decision upon which Herz relies was reversed by the Appellate Division, First Department, which clarified that even after the 2002 amendments "the City and the Board remain separate legal entities" and that "the City cannot be held liable" for "torts allegedly committed by [BOE] and its employees." *Perez v. City of New York*, 837 N.Y.S.2d 571, 572 (1st Dep't 2007); *see also Chapman v. City of New York*, No. 06 Civ. 3153, 2011 WL 1240001, at *4–5 (E.D.N.Y. Mar. 30, 2011) (collecting cases dismissing City from tort suits against BOE after 2002 amendments). Because Herz has not alleged that any defendant was employed by the City of New York, or that the City took any actions itself, all claims against the City of New York are dismissed.

### B.     Whether Subdivisions of the BOE May Be Sued

Defendants argue that Herz's claims against the BOE subdivisions — the New York City Office of Special Investigations and OEODM — must be dismissed because subdivisions of the BOE lack the capacity to be sued. (Dkt. No. 7-1 at 8.) Herz does not respond to this argument in his opposition.

5

Because New York Education Law § 2590-g(2) establishes that the BOE is, "for all purposes," including litigation purposes, "the government or public employer of all persons" working in BOE subdivisions, courts have held that "entit[ies] within the New York City Department of Education [] lack[] the capacity to be sued." *Genao v. PS 154 Harriet Tubman*, 19 Civ. 169, 2019 WL 3889748, at *2 (S.D.N.Y. Aug. 19, 2019) (citation omitted); *Ximines v. George Wingate High Sch.*, No. 05 Civ. 1214, 2006 WL 2086483, at *1 (E.D.N.Y. July 25, 2006). All claims against the New York City Office of Special Investigations and OEODM are dismissed.

### C.   Whether Herz's Claims are Barred by New York Education Law § 3813

#### 1.   NYSHRL Claim against BOE

Defendants also argue that several of Herz's claims are defeated by a New York Education Law requiring plaintiffs to provide timely and prior notice of any claim to the BOE and its employees. (Dkt. No. 7-1 at 5–7.) New York Education Law § 3813(1) provides that:

> [n]o action or special proceeding, for any cause whatever . . . shall be prosecuted or maintained against any school district, board of education . . . or any officer of a school district, board of education . . . unless it shall appear by and as an allegation in the complaint . . . that a written verified claim upon which such action . . . is founded was presented to the governing body of said district or school within three months after the accrual of such claim . . . .

This notice requirement applies to NYSHRL claims unless such claims seek to vindicate a public interest. *Thomas v. New York City Dept. of Educ.*, 938 F. Supp. 2d 334, 360 (E.D.N.Y. 2013) (citation omitted). Defendants contend that Herz failed to provide notice within three months of the accrual of the NYSHRL age discrimination claims in his complaint; the last event Herz cites in his complaint is the publication of news articles on May 2, 2017, yet he failed to file a notice of claim until March 26, 2019. (Dkt. No 7-1 at 5–6.)

6

Herz seemingly responds that his claim accrued through the middle of March 2019, as he remained in the reassignment center until that date. (Dkt. No. 12-1 at 5–6.) Alternatively, Herz suggests that the January 25, 2019 decision striking down the BOE's appeal of the hearing officer's earlier determination marks the accrual of his claim. (Dkt. No. 12-1 at 6.) Herz further maintains that the continuing violation doctrine — which allows a plaintiff facing a continuous practice and policy of discrimination to delay the start of the statute of limitations period until the last discriminatory act, *see, e.g.*, *Fitzgerald v. Henderson*, 251 F.3d 345, 359 (2d Cir. 2001) — should apply to his case, as "the episode constituting the hostile work environment continued up until the filing of the notice of claim" given his placement in the reassignment center. (Dkt. No. 12-1 at 7.) Finally, Herz claims his suit vindicates a public interest, as it would "affect most other tenured and retirement age Board of Education employees, who are targeted for removal to accommodate a budgetary agenda." (Dkt. No. 12-1 at 9.)

"Generally, [a] cause of action for discrimination under N.Y. Human Rights Law accrues and the limitation period begins to run on the date of the alleged discriminatory act." *Flaherty v. Massapequa Pub. Sch.,* 752 F. Supp. 2d 286, 293 (E.D.N.Y. 2010) (quoting *Queensborough Cmty. Coll. of City Univ. of N.Y. v. State Human Rights,* 49 A.D.2d 766, 372 N.Y.S.2d 722, 723 (2d Dep't 1975)) (internal quotation marks omitted), *aff'd,* 462 F. App'x 38 (2d Cir. 2012). Herz's contentions that his NYSHRL claim against BOE did not begin to accrue until 2019 are unpersuasive: The alleged discriminatory act was his reassignment in March 2017.

Herz's continuing violation theory does not save his claim. "When evaluating discrimination claims under the continuing violation theory, the focus of the analysis is on the acts of the employer rather than the effect felt by the employee." *Sirisena v. City Univ. of New York*, No. 17 Civ. 7135, 2019 WL 1493220, at *4 (E.D.N.Y. Mar. 31, 2019) (citing *Elmenayer v.*

7

*ABF Freight Sys., Inc.*, 318 F.3d 130, 135 (2d Cir. 2003)); *see also Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999) ("[A] continuing violation cannot be established merely because the claimant continues to feel the effects of a time-barred discriminatory act.").  The actions of BOE were discrete and occurred, at the latest, in 2017.  The Court sees no basis for applying the continuing violation doctrine, "heavily disfavored in the Second Circuit," to the circumstances before it.  *Bright v. Coca Cola Refreshements USA, Inc.*, No. 12 Civ. 234, 2014 WL 5587349, at *4 (E.D.N.Y. Nov. 3, 2014) (citation omitted).  Nor is this Court persuaded that Herz's case is sufficiently in the public interest to merit waiver of the notice requirement.  *See, e.g.*, *Mills v. Monroe County*, 59 N.Y.2d 307, 311 (1983) (holding that "actions that are brought to protect an important right, which seek relief for a similarly situated class of the public, and whose resolution would directly affect the rights of that class or group are deserving" of waiving notice).  Herz brings this claim for his own damages and seeks no specific equitable relief.  (Compl. at 26.)

Herz's NYSHRL claim against BOE is dismissed.

### 2. Tort Claims Against BOE and Individual Defendants

Defendants next argue that New York Education Law notice requirements bar tort claims against both the BOE and the individual defendants.  (Dkt. No. 7-1 at 6.)  New York Education Law § 3813(2) provides that:

> no action . . . founded upon tort shall be prosecuted or maintained against any of the parties named in this section or against any . . . employee where the alleged tort was committed by such . . . employee acting in the discharge of his duties within the scope of his employment . . . unless a notice of claim shall have been made and served in compliance with section fifty-e of the general municipal law.

New York General Municipal Law § 50-e provides for a 90-day deadline "after the claim arises" to serve a notice of claim.

8

Because Herz alleges that the individual Defendants were BOE employees acting within the scope of their employment, Defendants maintain that they, along with the BOE itself, are covered by New York Education Law § 3813(2).  (Dkt. No. 7-1 at 6 (citing Compl. ¶¶ 6–11).)  Similar to the above, Defendants argue that Herz failed to serve a notice of claim before the deadline, barring several of his tort claims.  (Dkt. No. 7-1 at 6.)

The Court is persuaded that, as above, Herz has failed to file a timely notice of claim.  For most torts under New York state law, the claim accrues when the injury occurs.  *See, e.g.*, *Kampuries v. American Honda Motor Co., Inc.*, 204 F. Supp. 3d 484, 490 (negligence claims accrue on date of injury) (citations omitted); *Baker v. Bank of America, N.A.*, No. 16 Civ. 488, 2016 WL 9409022, at *3 (S.D.N.Y. Oct. 31, 2016) (intentional and negligent infliction of emotional distress claims accrue on date of injury); *Commerzbank AG London Branch v. UBS AG*, No. 654464/2013, 2015 WL 3857321 at *2–3 (N.Y. Sup. Ct. June 17, 2015) (fraud claims accrue when fraud can be "truthfully alleged," and can also accrue when plaintiff "could with reasonable diligence have discovered the fraud").[2]

Here, Herz's claims for negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress arose for the purposes of New York General Municipal Law § 50-e and New York Education Law § 3813 on the date of the injury: at the latest, his reassignment or the publication of his statements.  The fraud claim, too, arose on one of those dates; Herz claims that Defendants committed fraud throughout the course of conduct described in the complaint, but he alleges no facts that show he was unaware of this fraud until a later time.  He thus could have "truthfully alleged" his claims as soon as they occurred.  *Id.*

---

[2] Herz argues that the statute of limitations for a defamation claim brought pursuant to a § 1983 claim is three years (Dkt. No. 12-1 at 11), which this Court addresses *infra*.

9

Herz's negligence, negligent and intentional infliction of emotional distress, and fraud claims are dismissed against all remaining Defendants.

### D.     Whether Herz's Remaining Claims Survive

That leaves Herz's defamation, § 1983, and New York Constitution claims against both BOE and the individual Defendants, and his NYSHRL claim against the individual Defendants. Each is discussed in turn.

#### 1.     Defamation Claim

Defendants contend that the defamation claim must be dismissed because it is barred by New York's one-year statute of limitations. (Dkt. 7-1 at 8–9.) Moreover, they continue, Herz's failure to plead facts establishing that the statements were not substantially true defeats the claim. (Dkt. No 7-1 at 9–11.)

Herz argues that the cause of action survives because the statute of limitations for defamation claims brought pursuant to § 1983 claims is three years. (Dkt. No. 12-1 at 11.) The publication of Herz's statements — which Herz alleges was done "to purposefully damage [Herz]'s reputation in the public eye" — caused reputational harm that constituted defamation *per se* because they injured Herz in his profession as a teacher, he argues. (Dkt. No. 12-1 at 12.) What Herz characterizes as the "substantial truth" of the statements at issue, he asserts, is an affirmative defense for summary judgment. (Dkt. No. 12-1 at 13.)

The Court agrees with Defendants that this cause of action is time-barred. Herz cites *Owens v. Okure*, 488 U.S. 235 (1989), for the proposition that defamation claims brought "pursuant to § 1983" have a three-year statute of limitations. (Dkt. No 12-1 at 11.) But the *Owens* Court considered only what limitations period applies to § 1983 claims, not to any non-§ 1983 claims brought simultaneously. *Owens*, 488 U.S. at 249–51. As Defendants correctly

point out, defamation claims under New York law are subject to a one-year statute of limitations. Because more than a year has elapsed since the publication of Herz's statements, his claim is barred by the statute of limitations.

Even if the claim were not time-barred, its appropriate disposition is clear: The defamation claim fails. Defendants are correct that Herz has not alleged any facts indicating that the statements reported to the media were fabricated. While Herz concludes that the "accusations made against [him] . . . are remarkably false and unsubstantiated," the remainder of his complaint, viewed in the light most favorable to Herz, proves insufficient to support a plausible inference that the statements were fabricated. (Compl. ¶ 46.) The charges against him were substantiated by the OEODM and later dismissed for timeliness, not for falsity, and Herz does not allege otherwise. (Compl. ¶¶ 23, 26.)

### 2. Section 1983 and New York Constitutional Claims

Herz alleges that Defendants violated his due process rights through deliberate indifference to his rights and seeks *Monell* liability for a policy or practice of working to "terminat[e] tenured education employees from their position." (Compl. ¶¶ 111–19.) He seeks to bring these claims under § 1983 and Article I, § 11, of the New York Constitution. (*Id*.) However, Article I, § 11, of the New York Constitution governs equal protection, whereas Article I, § 6, governs due process.

Defendants construe Herz's claim as challenging the circumstances of his disciplinary proceedings and reassignment, arguing that an adequate post-deprivation remedy exists and thus defeats any due process claim.[3] (Dkt. No. 7-1 at 20–21.) Should Herz also argue an equal protection violation, Defendants maintain that he has failed to plead that he was treated

---

[3] Herz does not object to such a characterization in his opposition.

differently from similarly situated individuals due to a protected characteristic.  (Dkt. No. 7-1 at 21.)  In his opposition, Herz continues to assert *Monell* liability based on a "pattern of behavior against tenured teachers" of retirement age, deliberate indifference demonstrated by "manipulat[ion] and fabricat[ion]" of evidence against him, and an equal protection violation shown by the fact that "his age and proximity to retirement" motivated Defendants' actions.  (Dkt. No. 12-1 at 23–24.)

Defendants are correct.  Herz has a sufficient post-deprivation remedy under New York Civil Practice Law and Rules Articles 75 and 78.  *See, e.g.*, *Arredondo v. Cnty. of Nassau*, No. 11 Civ. 710, 2012 WL 910077, at *9–11 (E.D.N.Y. Mar. 16, 2012) (collecting cases holding that procedures available under N.Y.C.P.L.R. Articles 75 and 78 are sufficient post-deprivation remedy to defeat § 1983 due process claims).  Nor has Herz pleaded facts demonstrating either a *Monell* policy or the type of differential treatment necessary to support an equal protection claim.

The § 1983 and New York Constitution claims are dismissed.

### 3. NYSHRL Claim

The sole remaining claim is the NYSHRL claim against individual Defendants.  Herz alleges that Defendants discriminated against him based on his age and tenure, in violation of the NYSHRL.  (Compl. ¶¶ 79–85)

Defendants argue that Herz has failed to plead facts to support an inference of discriminatory motive, having neglected to allege his age or facts suggesting Defendants were aware of his age.  (Dkt. No. 7-1 at 12.)  They also point out that he did not reference comparators or comments about his age or tenure, beyond the conclusory allegation that the school principal, defendant Ojeda, wanted Herz removed from Ojeda's payroll.  (Dkt. No. 7-1 at 13; Compl. ¶ 36.)

Herz responds that he pleaded his tenure and proximity to retirement. (Dkt. No 12-1 at 15.) More fundamentally, Herz alleges, the fact that defendant Ojeda brought a racial discrimination specification against Herz and attempted to convince Herz to become an ATR created an inference of age discrimination. (*Id*.)

Herz has not plausibly pleaded a case of age discrimination under the NYSHRL. *Gundlach v. International Business Machines Corp.* is instructive. No. 11 Civ. 846, 2012 WL 1520919 (S.D.N.Y. May 1, 2012). There, the court, facing a case of age discrimination under the ADEA,[4] held that the plaintiff's failure to plead his age and his sole allegation that, after his termination, some of his work was given to a younger employee, did not support the inference that the defendant employer considered his age during termination. *Id.* at *6 (collecting additional cases). Herz has not pleaded his age or his proximity to retirement, merely that he has tenure and worked for a teacher for roughly 17 years. (Compl. ¶ 1.) Herz's complaint is similarly bereft of discriminatory comments about his age, younger employees receiving preferential treatment or older employees facing similar circumstances, or any additional facts regarding Defendants' motivation to remove him from his post for his proximity to retirement. His case is like that of the *Gundlach* plaintiff: facts that, while not inconsistent with age discrimination, do not support a plausible inference that such prohibited conduct occurred. Without more, this claim cannot stand.

The NYSHRL claim against individual Defendants is dismissed.

---

[4] "The law governing ADEA claims has been held to be identical to that governing claims made under the NYHRL." *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 105 n.6 (2d Cir. 2010) (citation omitted).

### E.   Claims Against Howard Friedman

Counsel for Defendant Howard Friedman has not appeared in this case. Counsel for the other Defendants contend that Friedman has not been properly served, although they have not appeared as counsel for him.[5] It is not necessary to resolve the service issue, however, because the rationale for dismissing Herz's claims against each of the individual Defendants applies with equal force to the claims against Friedman. Accordingly, the claims against Friedman are also dismissed for failure to state a claim.

## IV.   Conclusion

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. The Clerk of Court is directed to close the motion at Docket Number 7 and to close this case.

SO ORDERED.

Dated: January 14, 2021
       New York, New York

_____
J. PAUL OETKEN
United States District Judge

---

[5] *See supra* note 1.